IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

WILLIAM MATTHEW BROWN and
PAMELA SUE BROWN, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.                                                    Civil Action No. [3:26-cv-00487]

EXETER FINANCE LLC,

Defendant.

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA:

Pursuant to 28 U.S.C. sections 1332, 1441(a) and 1446, Defendant Exeter Finance LLC

("Exeter" or "Defendant") hereby gives notice of the removal of this action from the Circuit Court

of Putnam County, West Virginia, to the United States District Court for the Southern District of

West Virginia, Huntington Division. This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1332(d) because Plaintiffs William Matthew Brown and Pamela Sue

Brown ("Plaintiffs") and Exeter are citizens of different states and because the amount in

controversy exceeds $5,000,000 exclusive of interest and costs. As grounds for removal, Exeter

states as follows:

**I. BACKGROUND**

1.    On June 25, 2026, Plaintiffs filed a Class Action Complaint (the "Complaint") in

the Circuit Court of Putnam County, West Virginia, against Exeter. The Complaint is captioned

*William Matthew Brown and Pamela Sue Brown, on behalf of themselves and all others similarly situated v. Exeter Finance LLC* and was assigned Civil Action No. CC-40-2026-C-147 (the "State Court Action"). A true and correct copy of the State court docket, the Complaint and all other documents served upon Exeter are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

2. Through its registered agent, Corporation Service Company, Exeter was served with the Complaint on July 8, 2026.

3. This Notice of Removal is timely because it is being filed with the Court within 30 days from the date Exeter was first served with a copy of the Complaint. *See* 28 U.S.C. §§ 1446(b), 1453(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4. The Complaint asserts claims on behalf of Plaintiffs and a class of similarly situated individuals for violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), based upon the alleged unlawful assessment and collection of payment-processing fees by a third party, ACI Payments, Inc. ("ACI service fees") charged to consumers who choose to make their auto-installment payments to Exeter online or over the telephone.

5. Plaintiffs seek several forms of relief for themselves and purported class members, including statutory civil penalties, actual and compensatory damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs, and equitable relief. *See* Ex. A, Compl. at "Relief Sought."

6. Exeter denies the allegations in the Complaint, denies that Plaintiffs have stated a claim for relief, individually or as a class, and denies that Plaintiffs or any putative class member has been damaged.

7. However, presuming, for jurisdictional purposes only, that Plaintiffs' claims are valid, the Complaint could have originally been filed in this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(1)-(11) ("CAFA").

8. Accordingly, removal is proper because this Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(d)(2). *See* 28 U.S.C. § 1441.

## II. GROUNDS FOR REMOVAL

9. This Court has original subject matter jurisdiction over Plaintiffs' class claims under CAFA.

10. CAFA provides for original jurisdiction in federal court of any claim brought under Federal Rule of Civil Procedure 23 or any similar state statute authorizing a person to represent a class of claimants. *Id.* § 1332(d)(1)(B); *Delebreau v. Bayview Loan Serv., LLC*, No. 6:09-cv-245, 2011 U.S. Dist. LEXIS 4694, at *9 (S.D.W. Va. Jan. 18, 2011). The purported class must have at least one putative member who is of diverse citizenship to the defendant ("minimal diversity"), 100 or more class members, and claims that in the aggregate exceed $5,000,000. *Id.* § 1332(d)(2)(A), (d)(5)(B); *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019). A class action filed in state court that satisfies the requirements of section 1332(d) may be removed to federal court. *See* 28 U.S.C. § 1453; *Dominion Energy*, 928 F.3d at 330.

11. Plaintiffs filed the class claims pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, which govern procedure in the courts of the State of West Virginia. Plaintiffs define the purported class as follows:

> All persons (1) with an automobile loan securing a vehicle in West Virginia, (2) where the lender, holder, assignee, or servicer is Exeter, (3) who paid a processing fee while making a loan payment by telephone, over the internet, by interactive voice recognition (IVR), or by other electronic means, during the applicable statutes of limitations through the date a class is certified.

Ex. A, Compl. ¶ 27.

12.    Plaintiffs seek the same relief described above on behalf of the putative class.

## A. Diversity of Citizenship

13.    Minimal diversity exists between the parties, meaning at least one member of the class of plaintiffs—here, Plaintiffs—is a citizen of a state different from Exeter. 28 U.S.C. § 1332(d)(2)(A).

14.    Plaintiffs are citizens of Putnam County, West Virginia. *See* Ex. A, Compl. ¶ 1.

15.    Exeter is a diverse defendant. Exeter Finance LLC is a Delaware limited liability company with its principal place of business in Irving, Texas.

16.    Accordingly, Exeter is a citizen of Delaware and Texas, therefore, minimal diversity is met. *See* 28 U.S.C. § 1332(d)(2)(A); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010).

## B. Size of Purported Class Exceeds 100 Members

17.    Pursuant to CAFA, there must be at least 100 members in a proposed class for the federal court to have original jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B).

18.    The putative class defined above exceeds 100 members. Plaintiffs allege that the "putative class is so numerous that joinder of all members is impractical." *See* Ex. A, Compl. ¶ 29. The Complaint also alleges that Exeter is "one of the largest subprime auto-finance companies in the United States" and holds "a substantial book of West Virginia consumer auto loans." *See* Ex. A, Compl. at 2.

4

19.    Upon review of its business records, Exeter has identified at least 100 accounts on which ACI charged a $3.50 fee for its services to an Exeter customer within the purported class.

20.    Thus, the 100-member threshold required by CAFA is satisfied.

**C. Amount in Controversy Exceeds $5,000,000**

21.    This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2).[1]

22.    Plaintiffs seek statutory civil penalties for each violation of Chapter 46A under West Virginia Code § 46A-5-101(1), actual and compensatory damages including refund of all ACI service fees, attorneys' fees and costs, and prejudgment and post-judgment interest. *See* Ex. A, Compl. at "Relief Sought."

23.    The Complaint alleges that Exeter, through its vendor ACI, charged Plaintiffs and putative class members a service fee of $3.50 or more per transaction each time they made a payment by debit card or other electronic means through Exeter's online or telephonic payment system. *See* Ex. A, Compl. ¶¶ 8-9, 19-20.

24.    Plaintiffs allege that such charges constitute violations of the WVCCPA. Specifically, Plaintiffs allege violations of W. Va. Code §§ 46A-2-124(f), -127(d), -127(g), -128(c), and -128(d). *See* Ex. A, Compl. ¶ 41.

25.    Plaintiffs seek statutory penalties pursuant to sections 46A-5-101(1) and -106. Although Plaintiffs do not set forth a specific civil penalty amount, the civil penalty is $1,000.00. *See* W. Va. Code § 46A-5-101. Pursuant to W. Va. Code § 46A-5-106, such penalty may be

---

[1] By statute, interest and costs are excluded from the calculation of the jurisdictional amount under CAFA. See 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

adjusted for inflation from September 2015. Accordingly, pursuant to the Consumer Price Index Inflation Calculator, each violation would carry a potential civil penalty of approximately $1403.48.

26.     Upon review of its business records, Exeter has identified at least 3600 transactions in which ACI charged its $3.50 service fee to West Virginia customers during the class period in the manner described in the Complaint.

27.     Multiplying the number of transactions during the class period by the per-violation penalty shows that statutory penalties alone exceed the $5 million jurisdictional threshold under CAFA (3,600 transactions × $1,403.48 = $5,052,528), exclusive of costs and interest.

28.     In addition to statutory penalties, Plaintiffs seek actual and compensatory damages, including the return of all ACI service fees collected from putative class members.[2] These fees— 3,600 transactions at $3.50 per transaction, or $12,600—further increase the amount in controversy beyond the $5,000,000 threshold.

29.     Thus, even considering statutory penalties alone, the amount in controversy exceeds $5,000,000, exclusive of Plaintiffs' claims for actual and compensatory damages, attorneys' fees, and equitable relief. Accordingly, this case qualifies for federal diversity jurisdiction under CAFA and is properly removable.

III. ADDITIONAL REQUIREMENTS FOR REMOVAL

30.     Venue is proper in this Court because it is the District and Division embracing the place where the State Court Action is pending pursuant to 28 U.S.C. § 1441(a). This action is being

---

[2] Exeter did not charge or collect any such fees from West Virginia borrowers during the class period. Instead, ACI charged and collected a $3.50 fee for its optional services to the Exeter customer, which were offered pursuant to ACI's own terms and conditions and provided only if the customer elected to use ACI's service and agreed to ACI's terms and conditions.

removed from the Putnam County Circuit Court, which lies within the Southern District of West Virginia, Huntington Division. *See* 28 U.S.C. §§ 93(a), 1441(a) and 1446(a).

31. Pursuant to 28 U.S.C. § 1446(d), a copy of Exeter's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of Putnam County, West Virginia. A true and correct copy of the Notice of Filing of Notice of Removal, without exhibits, is attached as **Exhibit B**.

WHEREFORE, Defendant Exeter Finance LLC respectfully gives notice that this action is hereby removed from the Circuit Court of Putnam County, West Virginia to the United States District Court for the Southern District of West Virginia, Huntington Division.

By: /s/ Jason E. Manning
Jason E. Manning (WV Bar No. 11277)
John C. Lynch (WV Bar. No. 6627)
Jonathan M. Kenney (WV Bar No. 12458)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: jason.manning@troutman.com
Email: john.lynch@troutman.com
Email: jon.kenney@troutman.com

*Counsel for Defendant Exeter Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2026, I electronically filed the foregoing

Notice of Removal with the Clerk of the Court using the CM/ECF System. I further certify that a

true and correct copy of the foregoing was also served via e-mail to:

Jonathan R. Marshall, Esq.
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
jmarshall@baileyglasser.com

Benjamin M. Sheridan, Esq.
Jed R. Nolan, Esq.
KLEIN & SHERIDAN, LC
3566 Teays Valley Road
Hurricane, WV 25526
bsheridan@kleinsheridan.com
jed@kleinsheridan.com

By: /s/ Jason E. Manning
Jason E. Manning (WV Bar No. 11277)

331821490